IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY S. COLLIER,**

    **Plaintiff,**

    v.                                                                                 **CASE NO. 23-3146-JWL**

**CHERYL JAMES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Jeffrey S. Collier, who is incarcerated at the Larned Correctional Mental Health Facility in Larned, Kansas, brings this *pro se* civil rights case. This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 4), Motion for Leave to Proceed in forma pauperis (Doc. 5), and Motion for Reconsideration (Doc. 6).

The Court previously found that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) and could proceed in forma pauperis only if he established a threat of imminent danger of serious physical injury. (*See* Doc. 3.) The Court examined the Complaint and found no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g), the Court gave Plaintiff until July 20, 2023, to pay the full $402.00 district court filing fee.[1]

In his Motion for Reconsideration (Doc. 6), Plaintiff first asks the Court to order the Kansas Department of Corrections to use Plaintiff's mandatory savings to pay the filing fee. This Court does not order payments from state prisoners' forced savings accounts. Plaintiff also disputes that

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

one of the cases listed in the three-strikes order was a strike. However, Plaintiff has six other strikes, putting him well above the three-strike limit. (*See* Doc. 3, n.1.) Last, Plaintiff makes the general statement that he is under "imminent danger of serious physical injury on a daily basis." Doc. 3, at 3. This is not the type of "specific, credible allegations of imminent danger of serious physical harm" required to meet the exception to the prepayment requirement of 28 U.S.C. § 1915(g). *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Plaintiff's Motion for Reconsideration (Doc. 6) is denied.

Plaintiff also filed a Motion to Amend Complaint (Doc. 4). Although Plaintiff does not need leave of Court to file an amended complaint because this is his first amendment and because the Complaint has not yet been served (*see* Fed. R. Civ. P. 15(a)(1)), the Court grants Plaintiff's motion and directs the clerk to file Doc. 4-1 as the First Amended Complaint.

The Amended Complaint continues to name as defendants several prosecutors, a judge, and a police detective who were involved in Plaintiff's arrest in 1993 and subsequent prosecution. Plaintiff alleges that the defendants violated his constitutional rights in connection with the arrest, search, and trial. The Court has examined the Amended Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed *in forma pauperis* in this civil action and his Motion for Leave to Proceed in forma pauperis (Doc. 5) is denied. Plaintiff is given time to pay the full $402.00 district court filing fee to the Court. If he fails to pay the full fee within the prescribed time, the Amended Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 5) is **denied.** Plaintiff is granted until **July 24, 2023,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated July 11, 2023, in Kansas City, Kansas.

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE