IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY S. COLLIER,**

    **Plaintiff,**

    v.                                                 **CASE NO. 23-3146-JWL**

**CHERYL JAMES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Jeffrey S. Collier, is a prisoner who is incarcerated at the Larned Correctional Mental Health Facility in Larned, Kansas. Plaintiff filed this § 1983 action naming as defendants several prosecutors, a judge, and a police detective who were involved in Plaintiff's arrest in 1993 and subsequent prosecution. Plaintiff alleges that the defendants violated his constitutional rights in connection with the arrest, search, and trial.

The Court entered an Order (Doc. 3) denying Plaintiff leave to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until June 20, 2023, to submit the $402.00 filing fee.

On July 7, 2023, Plaintiff filed a motion for reconsideration and an amended complaint. The Court denied the motion and found that the amended complaint also failed to make a showing of imminent danger of serious physical injury. *See* Doc. 7. The Court set a deadline of July 24, 2023, for Plaintiff to pay the filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without

additional prior notice." (Doc. 7, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. Plaintiff has not made the "specific, credible allegations of imminent danger of serious physical harm" required to meet the exception. *Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011). As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated July 27, 2023, in Kansas City, Kansas.**

      **S/   John W. Lungstrum**
      **JOHN W. LUNGSTRUM**
      **UNITED STATES DISTRICT JUDGE**